## APPEAL OF YOST FURNITURE CO.

Docket No. 1567.   Decided November 26, 1926.

In a case where the Commissioner has declined to accept amended returns of a taxpayer seeking to return his income on the installment basis, the Board can not disturb the Commissioner's determination where the taxpayer has produced no evidence as to the amount of income for the year in question, the proportion of the installment payments actually received, the total profit realized when the payment is completed, and the total contract price.

*E. H. Whitcombe, Esq.,* for the petitioner.
*A. H. Fast, Esq.,* for the Commissioner.

The Commissioner has determined a deficiency in income and profits taxes for the calendar year 1920 in the amount of $736.87. The petitioner alleges that the Commissioner erred in refusing to accept amended returns for the calendar year 1920 on the installment basis.

### FINDINGS OF FACT.

Petitioner was incorporated under the laws of Missouri with its principal place of business at Kansas City. During the taxable year in question it was engaged in the business of selling at retail furniture and household equipment. The greater percentage of the business in 1920 was conducted on the installment basis. The books of petitioner were kept on the accrual basis and during 1920 and prior years it made its income-tax returns on that basis. It adjusted its accounts for the year 1920 so as to place them on an installment

basis rather than on the accrual basis, and thereafter filed with the Commissioner an amended return for the year 1920. The Commissioner declined to permit the filing of this amended return and found a deficiency in the sum of $736.87.

OPINION.

ARUNDELL: The petitioner reported its income for the calendar year 1920 on the accrual basis, which was in accordance with the manner in which its books were kept. Upon being advised that the Commissioner permitted returns on the installment basis, the petitioner employed accountants to adjust its books to that basis and thereafter filed an amended return for the year 1920, which return purported to set forth its income in accordance with the plan laid down by article 42 of Regulations 45. The Commissioner refused to accept the amended return.

The petitioner has fallen short of establishing facts upon which the Board may determine what, if any, deficiency is due. No evidence was introduced as to the income for the year 1920, the proportion of the installment payments actually received, the total profit realized when the payment is completed, or the total contract price. The books were not presented and only copies of certain data were offered in evidence. On objection by counsel for the Commissioner, they were rejected. The original and amended returns were received in evidence over the objection of Commissioner's counsel, but we can not accept the statements therein contained as establishing their correctness. So far as the returns are concerned, we can only find that such returns were in fact filed.

The petitioner has failed to prove its case, though it may be assumed that it had available in the city where the hearing was held the required records by which it could have given the Board the needed information. The burden is on the taxpayer to establish its case and, having failed to do so, no course is open to us but to affirm the Commissioner.

Petitioner also asks that it be given the benefit of the relief provisions of sections 327 and 328 of the Revenue Act of 1918. In support thereof one witness testified that a large amount of borrowed money was used in the conduct of the business. No evidence as to the amount borrowed, the nature of the borrowings, or other relevant information was offered. Such a general statement, standing alone, is wholly insufficient to establish the right of petitioner to assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918.

*Judgment will be entered for the Commissioner.*